Terrence M. BROWN, Petitioner–Appellant,

v.

John R. HEMINGWAY, Warden; John Ashcroft, U.S. Attorney, Respondents–Appellees.

No. 02–1948.

United States Court of Appeals, Sixth Circuit.

Dec. 16, 2002.

Before MERRITT and DAUGHTREY, Circuit Judges; and RUSSELL, District Judge.*

*ORDER*

Terrence Brown, a pro se federal prisoner, appeals from a district court judgment denying Brown's petition for a writ of habeas corpus. 28 U.S.C. § 2241. Brown also moves for release pending appeal. The appeal has been referred to a panel of the court pursuant to Rule 34(j), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Brown challenges the Bureau of Prisons' calculation of his good time credit. Brown

* The Honorable Thomas B. Russell, United States District Judge for the Western District of Kentucky, sitting by designation.

argues that he should receive a credit of 15% of his 57 month sentence, or 259 days. The Bureau follows the language of the statute and grants 54 days of credit for each year actually served. *See* 18 U.S.C. § 3624(b)(1). Therefore, the Bureau will credit Brown with 233 days.

The district court held that the Bureau's interpretation of the statute was reasonable. The court relied upon a published Ninth Circuit case and an unpublished Sixth Circuit case. *See Pacheco–Camacho v. Hood,* 272 F.3d 1266, 1270–71 (9th Cir. 2001), *cert. denied,* —— U.S. ——, 122 S.Ct. 2313, 152 L.Ed.2d 1067 (2002); *Williams v. Lamanna,* No. 01–3198, 2001 WL 1136069, at *1, 20 Fed.Appx. 360 (6th Cir. Sept.19, 2001) (unpub. dec.).

We conclude that the district court properly denied Brown's petition. *Pacheco–Camacho* and *Williams* are persuasive authority on this point. Brown refers to various Bureau regulations that utilize the 15% figure. But the language of the statute uses 54 days as the basis for credit, not the 15% figure. The Bureau's interpretation is reasonable in light of the statutory language.

Accordingly, the motion for release *pending appeal* is denied, and the district court's judgment is affirmed under Rule 34(j)(2)(C), Rules of the Sixth Circuit.